

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

---

NEW HORIZON KIDS QUEST, INC.,

        Plaintiff,

vs.

Kids Quest Academy Inc. and
Tracie Shishilla (aka Tracie Fonte)

        Defendant.

Case No. 1.14cv384 LG-RHW

---

## COMPLAINT

For its Complaint against Defendants Kids Quest Academy, Inc. and Tracie Shishilla, Plaintiff NEW HORIZON KIDS QUEST, INC., states and alleges as follows:

### SUMMARY OF THE COMPLAINT

This is an action for trademark infringement under the Lanham Act (15 U.S.C. § 1051 *et seq*), and a common law trademark infringement claim arising from Defendants' unauthorized use of the KIDS QUEST® mark for child day care and supervised activity center-related services.

### THE PARTIES

1. Plaintiff NEW HORIZON KIDS QUEST, INC. ("New Horizon") is a Minnesota corporation with its principal place of business located at 3405 Annapolis Lane North, Suite 100, Plymouth, Minnesota 55447, and is the owner of the Federal Trademark Registration for KIDS QUEST.

2. On information and belief, defendant Kids Quest Academy Inc.("KQA, Inc.") is a Mississippi corporation with its principal place of business and a child care center located at 615 Howard Avenue, Biloxi, Mississippi 39530. The child care center operates under the name Kids Quest Academy and has signage above the door on the exterior of the building reading: KIDS QUEST.

3. On information and belief, defendant Tracie Shishilla is an individual resident of Palm Bay, Florida, and also goes by the name of Tracie Fonte.

4. On information and belief, Ms. Shishilla has an ownership interest in KQA, Inc.

5. Ms. Shishilla is the individual licensed by the State of Mississippi to operate and maintain Kids Quest Academy and is thus personally responsible for the acts associated with the operation of Kids Quest Academy.

6. Ms. Shishilla personally selected and initiated the usage of Plaintiff's mark KIDS QUEST as part of Kids Quest Academy, Inc. as evidenced by her signed submission to the Mississippi Secretary of State with the Articles of incorporation of KQA, Inc., and she is identified as the only incorporator and only officer and is thus personally responsible for the acts of infringement described herein.

7. Ms. Shishilla personally selected and initiated the use of Plaintiff's mark KIDS QUEST in her application and renewal for the child care facility license with the Mississippi State Department of Health for Kids Quest Academy.

## JURISDICTION AND VENUE

8. This is an action for trademark infringement under the provisions of the Lanham Act, 15 U.S.C. §§ 1051, *et seq.*

9. This Court has subject matter jurisdiction over the Lanham Act claims asserted in this complaint under 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1331 and 1338(a).

10. Venue is proper in this district under 28 U.S.C. §§ 1391(b)(1) in that defendant KQA, Inc. resides in the Southern District of Mississippi. Venue is also proper in this district under 28 U.S.C. §§ 1391(b)(2) in that most or a substantial part of the events giving rise to the claims occurred in this district.

## ALLEGATIONS RELEVANT TO ALL COUNTS

New Horizon's Registered KIDS QUEST® Mark

11. New Horizon is the registered owner of the Federal Trademark Registration No. 1864035 for KIDS QUEST for "child day care and supervised activity center services". Said registration has a filing date of August 10, 1992, a registration date of November 22, 1994, and has been deemed incontestable by the United States Patent and Trademark Office.

12. New Horizon has a number of related companies that provide services associated with child care services with the same business address as New Horizon Kids Quest, Inc. and that are licensed to use the KIDS QUEST® mark and/or that own related marks. Sister companies include NEW HORIZON KIDS QUEST VII, INC., a Minnesota corporation.

3

13. The first KIDS QUEST® center opened in approximately 1992 and the centers expanded to locations in Casinos and Shopping Centers. New Horizon now has KIDS QUEST® centers in 12 states and is now the largest hourly child care company in the nation. The KIDS QUEST® mark is nationally known, particularly to destination resort casino management and persons who visit or who may potentially visit destination resort casinos.

14. New Horizon is currently operating KIDS QUEST® centers in Minnesota, Wisconsin, Michigan, Iowa, Missouri, Louisiana, New Mexico, Arizona, Connecticut, Nevada, and California.

15. New Horizon is licensed to do business in Mississippi through NEW HORIZON KIDS QUEST, INC., and through the related sister company, NEW HORIZON KIDS QUEST VII, INC., and has been doing business in Mississippi since 1993.

16. New Horizon's business in Mississippi has been running child care centers using the KIDS QUEST mark and has at times been simultaneously running as many as three child care centers in Mississippi. Most recently New Horizon has been operating until May 31, 2014, a child care center under the KIDS QUEST mark at Tunica, Mississippi at the Harrah's casino. That center closed when the Harrah's casino ceased operations.

17. New Horizon has been in direct discussions with residents of Mississippi to install one or more KIDS QUEST® centers in Mississippi and expects same to happen in the very near future.

18. New Horizon has been and is currently advertising and marketing in Mississippi and to Mississippi residents its KIDS QUEST® centers utilizing the KIDS QUEST® mark.

19. New Horizon has spent substantial sums advertising and promoting its KIDS QUEST® centers and consequently the KIDS QUEST mark in Mississippi.

20. New Horizon also advertises and markets its KIDS QUEST® centers on a website using the domain name www.kidsquest.com. New Horizon has used www.kidsquest.com to advertise and market its KIDS QUEST® centers since at least 1995.

21. New Horizon and its related companies own United States Trademark Registrations for the marks KIDS QUEST®, Reg. No. 1,864,035 ("the KIDS QUEST® mark"); and NEW HORIZON KIDS QUEST®, Reg. No. 1,926,696 (collectively, "the KIDS QUEST® family of marks"). The registrations for the KIDS QUEST® family of marks issued on November 22, 1994, and October 10, 1995 respectively, and they are both incontestable under 15 U.S.C. § 1065. True and correct copies of the registration certificates for the KIDS QUEST® family of marks and the Trademark Assignment Abstract of Title for the KIDS QUEST® mark are attached hereto as **EXHIBIT 1**. As a result, Registration 1,864,035 constitutes conclusive evidence of the registration of the KIDS QUEST Mark, the validity of the KIDS QUEST Mark, New Horizon's ownership of the KIDS QUEST Mark, and New Horizon's exclusive right to use the KIDS QUEST Mark in commerce.

## KQA, Inc. and Tracie Shishilla's Conduct and the Negative Publicity

22. KQA, Inc. operates the Kid Quest Academy child care center at 615 Howard Avenue, Biloxi, Mississippi 39530 with signage immediately over the front entrance reading: KIDS QUEST See **EXHIBIT 2**.

23. That KQA, Inc. also utilizes a website advertising their services using the domain name kidsquestacademy.com. A copy of the page of the website is attached at **EXHIBIT 3** and includes a picture of the store fronting including the signage of KIDS QUEST.

24. Tracie Shishilla is the Incorporator and Registered Agent of KQA, Inc., and is the sole officer of KQA, Inc. identified by the Articles of Incorporation documents she signed and filed with the Mississippi Secretary of State on or about January 23, 2013. See **EXHIBIT 4**. As evidenced by said document, Ms. Shishilla personally selected and initiated the usage of KIDS QUEST in association with KQA, Inc. and is responsible for the resultant infringement.

25. In response to her applications, the Mississippi State Board of Health has issued a license to Defendant Tracie Shishilla dated August 1, 2013, and February 1, 2014, to maintain and operate the Kids Quest Academy at 615 Howard Ave., Biloxi, Mississippi, and is thus responsible for the operation of same. See **EXHIBIT 5**. As evidenced by said document, Ms. Shishilla personally initiated and continued the usage of KIDS QUEST in association with the Kids Quest Academy and the resultant infringement and is responsible for same.

26. Tracie Shishilla is also known as Tracie Fonte and has a residence at 700 Delmonico St. NE, Palm Bay, Florida 32907, and is employed at Palm Bay Ford in Palm Bay, Florida.

27. New Horizon has no control over the quality of the services Defendants provide and/or have provided using the KIDS QUEST® mark.

28. The Mississippi State Department of Health ("Department. of Health") has received numerous complaints and allegations about the child day care services provided by Defendants while using Plaintiff's registered trademark. The complaints and reports on the complaints are publically available. The complaints and reports include allegations of mistreatment of children; of deficiencies in the ratios of day care attendants to children, and of deficiencies in the food service.

29. Whether true or not, these very negative reports are being associated with Plaintiff New Horizon due to wrongful use of the KIDS QUEST mark by the Defendants. Some of the complaints have been validated by the Department of Health, and there have been several fines issued against Kids Quest Academy since it has opened related to these complaints and reports .

30. There have been at least two television and internet published investigative reports of New Horizon Academy that are highly derogatory of the facility and care provided published at New Horizon Academy. These reports are readily available on the internet.

31. The reports of Paragraph 30 was picked up and broadcast in Nevada by a FOX news affiliate. New Horizon operates several child care centers in Nevada and

7

there was nothing to distinguish the highly negative report of the actions of KQA, Inc. from the KIDS QUEST centers operated by New Horizon in Nevada.

32. That there have been a number of former employees that have publically made very negative allegations and reports as to the Kids Quest Academy conditions and operations on social media and to the press.

33. That previously, at the same address, Above and Beyond Child Care and Learning Center, Inc.("Above and Beyond") operated a child care facility at the same address.

34. That the individual previously licensed to operate Above and Beyond had the license revoked by the Mississippi State Department of Health due to repeated violations of rules and regulations, and the individual has been barred from operating a child care center in Mississippi.

35. That it has been publically alleged that the individual previously licensed to operate Above and Beyond is currently involved with, operating, and/or directing the operation of Kids Quest Academy.

36. That it has been alleged and reported that Defendant Tracie Shishilla is a relative of the individual previously licensed to operate Above and Beyond.

37. That it has been alleged in complaints and/or reports publically available, that the individual previously licensed to operate Above and Beyond has pretended to be Tracie Shishilla on the telephone at Kids Quest Academy.

38. There have been several extremely negative postings on social media, that have been available to anyone anywhere in the world with Internet access, regarding Kids

8

Quest Academy, using a simple key work search. On information and belief, these reviews have been viewed by people all over the country who were investigating whether to entrust their children to a KIDS QUEST® child care center.

39. In or around May, 2014, New Horizon learned that Defendants were, without authorization from New Horizon, using the KIDS QUEST® mark in association with a day care center.

40. By letter dated June 5, 2014, attached as **EXHIBIT 6**, sent by email and Certified Mail, New Horizon notified Defendants of New Horizon's rights and demanded that Defendants cease and desist from all use of the KIDS QUEST® mark.

41. Defendants have not responded to the letter.

42. By using the KIDS QUEST® mark in connection with Defendants' child day care centers without the authorization of New Horizon, Defendants are and have been willfully and intentionally trading upon the goodwill New Horizon has at its considerable expense and effort developed in the KIDS QUEST® mark. Defendants have thereby caused and are thereby causing New Horizon substantial and irreparable harm and injury, as to which New Horizon has no adequate remedy at law.

43. As a result of the issues associated with these above described reports and complaints, the invaluable goodwill represented in the KIDS QUEST® mark is thereby being harmed and wrongfully put at the mercy of Defendants.

44. Moreover, a key word search of "kids quest Mississippi reviews yahoo" provides a hit, see **EXHIBIT 7**, identifying the child care center at 615 Howard Ave,

Biloxi, MS 3950 and associates it with Plaintiff New Horizon's website: www.kidsquest.com.

45. New Horizon's national reputation has been put in jeopardy by the association of its website address (www.kidsquest.com), with the Kid Quest Academy address.

46. There has been confusion in the marketplace and the invaluable goodwill represented in the KIDS QUEST® mark is being irreparably harmed and wrongfully put at the mercy of Defendants.

47. Defendants have caused, and will unless and until enjoined continue to cause, substantial and irreparable harm and injury to New Horizon and to the goodwill and reputation represented by the KIDS QUEST® mark.

## COUNT I
### Infringement of Federally Registered Marks
### (15 U.S.C. § 1114(1))

48. New Horizon realleges, as if fully set forth at this place, the allegations contained in paragraphs 1-44 above.

49. Defendants have used and continue to use in commerce and in connection with child day care services, and without consent, a mark and/or designation that is and has been likely to cause confusion, or to cause mistake, or to deceive vis-a-vis New Horizon's KIDS QUEST® mark. Defendants are therefore liable to New Horizon pursuant to 15 U.S.C. § 1114(1).

50. Unless restrained and enjoined by this Court, Defendants will, on information and belief, including without limitation the Defendants' failure to address New Horizon's written attempt to stop the infringing use, continue to infringe New Horizon's rights in at least New Horizon's KIDS QUEST® mark, and will continue thereby to cause irreparable injury and damage to New Horizon.

51. No adequate remedy exists at law for the irreparable harm Defendants' infringement has caused and is causing New Horizon. New Horizon is entitled to preliminary and permanent injunctive relief.

52. Defendants' infringement of New Horizon's KIDS QUEST® mark has caused and continues to cause damage and harm to New Horizon and to lower the value of the goodwill represented by the marks Defendants have infringed. New Horizon is entitled to a monetary recovery consistent with 15 U.S.C. § 1117(a) in an amount to be proven at trial.

53. Defendants' infringement of the rights of New Horizon has been knowing, willful and in deliberate disregard of the rights of New Horizon and of Defendants' obligations under federal law. New Horizon is entitled to enhanced damages under 15 U.S.C. § 1117(a).

54. This is an exceptional case within the meaning of 15 U.S.C. § 1117(a). New Horizon should be awarded reasonable attorneys' fees herein.

## COUNT II

### Common Law Trademark Infringement

55. New Horizon realleges, as if fully set forth at this place, the allegations contained in paragraphs 1-50 above.

56. Through the foregoing activities, New Horizon has established common law rights in the KIDS QUEST mark in Mississippi since 1993.

57. The foregoing actions of Defendants set forth herein constitute a violation of New Horizon's common trademark rights in the distinctive "KIDS QUEST" mark.

58. As a direct result of Defendants' actions, and unless restrained by this Court, New Horizon has been and will be irreparably injured in that it no longer has complete control of its reputation and the goodwill it has developed in the "KIDS QUEST" mark. In addition, New Horizon has been damaged in an amount to be fully determined at trial.

## PRAYER FOR RELIEF

**WHEREFORE,** New Horizon prays that this Court:

A. Preliminarily and permanently enjoin and restrain Defendants, each of the officers, agents, servants, employees and attorneys of Kid Quest Academy Inc. and Tracie Shishilla, and any other person in active concert or participation with them who receive actual notice of the Court's order, from using the KIDS QUEST® mark, any other mark or designation confusingly similar to the KIDS QUEST® mark.

B. Order Defendants to deliver up for destruction all advertisements, promotional materials, labels, signs, pictures, letterhead, plaques, and any other materials containing infringing marks in their possession, custody, or control, or in the possession, custody, or control of any of its agents or representatives and to cancel the kidsquestacademy.com domain registration and to immediately shut down the website.

C. Order Defendants to file with this court and serve on New Horizon's attorney, thirty (30) days after the date of entry of any injunction, a report in writing and under oath setting forth in detail the manner and form in which it has complied with the Court's injunctions.

D. Award New Horizon a monetary recovery consistent with 15 U.S.C. § 1117(a) in an amount to be proven at trial.

E. Find that this is an exceptional case within the meaning of 15 U.S.C. § 1117(a) and award New Horizon its reasonable attorneys' fees herein.

F. Grant New Horizon such other and further relief as the Court may find to be just and proper.

Dated: October 9, 2014.

Respectfully submitted,

NEW HORIZONS KIDS QUEST, INC.
By Its Attorneys
JONES WALKER LLP

_____
Henry Laird (MSB No. 1774)
JONES WALKER LLP
2510 14TH Atreet, Suite 1125 (39501)
Post Office Drawer 160
Gulfport, MS 39502
Telephone: (228) 864-3094
Facsimile: (228) 864-0516
Email: hlaird@joneswalker.com

W. Whitaker Rayner (MB 4666)
JONES WALKER LLP
190 E. Capitol St., Suite 800
Jackson, MS 39201
(601) 949-4900 (telephone)
(601) 949-4680 (facsimile)
wrayner@joneswalker.com

Of Counsel:
    Douglas J. Christensen
    Christensen Fonder P.A.
    33 South 6th Street, Suite 3950
    Minneapolis, MN 55402-2100
    Telephone: (612) 315-4102
    Facsimile: (612) 315-4321
    christensen@cfpatlaw.com

**ATTORNEYS FOR PLAINTIFF**